# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| GSC Construction, Inc. ) | ASBCA No. 59402 |
| ) | |
| Under Contract No. W9126G-11-D-0061 ) | |

APPEARANCES FOR THE APPELLANT: Karl Dix, Jr., Esq.
Douglas L. Tabeling, Esq.
Lochlin B. Samples, Esq.
  Smith Currie & Hancock LLP
  Atlanta, GA

APPEARANCES FOR THE GOVERNMENT: Thomas H. Gourlay, Jr., Esq.
  Engineer Chief Trial Attorney
Stephanie R. Darr, Esq.
Keith J. Klein, Esq.
Alexandria P. Tramel, Esq
Lauren M. Williams, Esq.
  Engineer Trial Attorneys
  U.S. Army Engineer District, Tulsa

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

The government moves for summary judgment in ASBCA No. 59402 that its termination of Task Order No. DS01 of Contract No. W9126G-11-D-0061 for default was justified, contending that appellant violated the contract's labor standards provisions, specifically, Federal Acquisition Regulation (FAR) 52.222-4, CONTRACT WORK HOURS AND SAFETY STANDARDS ACT – OVERTIME COMPENSATION (CWHSSA) (JULY 2005)," and FAR 52.222-6, DAVIS–BACON ACT (DBA) (JULY 2005). The motion is denied.

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,067 at 176,129 (citing FED. R. CIV. P. 56(a)). Although the Board does not possess jurisdiction to determine whether a contractor has violated labor laws, it possesses jurisdiction, for purposes of determining whether a contract default termination is justified, to determine whether the U.S. Department of Labor (DOL) has found under its established procedures that the contractor has committed such a violation; in other words, whether DOL's finding of a violation is final. *See Herman B. Taylor*

*Construction Co. v. Barram*, 203 F.3d 808, 811-12 (Fed. Cir. 2000); *see also Puget Sound Environmental Corp.*, ASBCA Nos. 58827, 58828, 14-1 BCA ¶ 35,585 at 174,370, 174,372 (finding no final DOL ruling and dismissing appeal); *Hunt Building Co.*, ASBCA No. 55157, 06-1 BCA ¶ 33,213 at 164,597-98 (same). If a contractor accepts DOL's investigative findings and does not request a hearing, or if a DOL administrative law judge finds that the contractor has violated a contract's labor standards, those findings are final. *Id.* at 813-14. However, if the contractor and DOL settle a labor standards dispute without either the contractor admitting liability or an adjudicative finding that the contractor violated labor standards, then there is no final determination by DOL that the contractor violated a contract's labor provisions. *Id.*

Here, there is no dispute that the contract incorporated FAR clauses 52.222-4 and 52.222-6 (R4, tab 28n at 1896), or that a DOL investigation found that appellant violated those provisions (mot. ex. 4). However, there is no evidence that DOL adjudicated whether appellant violated those provisions. Therefore, resolution turns on the issue of material fact whether appellant ever accepted DOL's investigative findings, making them final. That issue is in genuine dispute. Although there is no evidence that DOL and appellant entered into a written settlement agreement, appellant points to its 1 October 2014 letter to DOL stating that payments that it made to employees as a result of DOL's investigation "represent[] a compromise and not an admission of liability" (opp. at 24, ex. 5), as well as the affidavit of its owner in which he states that he "negotiated a settlement [with DOL] for a fraction of the DOL's demand that was conditioned on the investigation being closed without any finding of fault or liability" (opp. ex. 6 ¶ 8). For its part, the government points to a 2 March 2016, DOL letter addressed to appellant stating that "DOL's findings regarding [appellant's] DBA and CWHSSA violations are final" (gov't 4 March 2016 filing, ex. A). Because resolution of this issue would require us to find whether, as a matter of fact, DOL's investigative findings are final, the issue is not amenable to summary judgment.

Dated: 5 May 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

2

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59402, Appeal of GSC Construction, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3